

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHTEK,<br>a Washington non-profit corporation,<br><br>Defendant. | NO. CR00-5641T<br><br>PLEA AGREEMENT |

Comes now the United States of America, by and through Katrina C. Pflaumer, United States Attorney for the Western District of Washington, and Bruce D. Carter, Assistant United States Attorney for said District, and R. Timothy Crandell, Special Assistant United States Attorney for said District, and the defendant, HEALTHTEK, a Washington non-profit corporation, and its attorney, Dan Dubitzky, and enter into the following Plea Agreement, pursuant to Rule 11(e), Federal Rules of Criminal Procedure.

1. **Waiver of Indictment.** The defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to a charge brought by the United States Attorney in an Information.

2. **The Plea.** The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and to enter a plea of guilty to the charge of mail fraud (in violation of 18 U.S.C. §§1341 and 2) as set forth in the Information. By entering this plea of guilty, the defendant hereby waives any and all objections to the filed charges predicated on the form of the charging Information or the statute of limitations.

HEALTHTEK/PLEA AGREEMENT - 1
1999R01859

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

3. **The Penalties.** The defendant understands and acknowledges that the maximum statutory penalties for the charged offense of mail fraud are a fine of the greater of $500,000 or twice the amount of gross gain or gross loss plus a special assessment of $400.

4. **Rights Waived by Pleading Guilty.** The defendant understands and acknowledges that, by pleading guilty, the defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty, and to persist in a plea of not guilty;

   b. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

   c. The right to trial before a jury of the defendant's peers, and at that trial, the right to the effective assistance of counsel;

   d. The right to confront and cross-examine witnesses against the defendant;

   e. The right to compel or subpoena witnesses to appear on the defendant's behalf;

   f. The right to testify or to remain silent at trial at which such silence could not be used against the defendant; and

   g. The right to appeal a finding of guilty or any pretrial rulings.

5. **Applicability of Sentencing Guidelines.** The defendant understands and acknowledges the following:

   a. That the United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

   b. That the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

   c. That the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

HEALTHTEK/PLEA AGREEMENT - 2
1999R01859

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

   d. That the Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and,

   e. The defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Ultimate Sentence</u>. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. <u>Restitution</u>. The defendant shall make restitution to the victims named below in the indicated amounts. Said amounts shall be due and payable immediately.

   MEDICARE       $320,000.00

   <u>WASHINGTON MEDICAID $ 80,000.00</u>

   TOTAL         $400,00.00

8. <u>Loss Amounts</u>. The United States and the defendant agree that $400,000 is the estimated net loss for purposes of § 2F1.1(b)(1) of the Sentencing Guidelines.

9. <u>Statement of Facts</u>. The parties agree that the Government's evidence would establish the following facts beyond a reasonable doubt and that these facts are sufficient to establish the offense charged:

   a. Commencing early in the 1990's and continuing until approximately October 1999, Jaclynn Harry was employed in the billing department of HEALTHTEK, INC., a Washington for profit corporation. After the conclusion of the offense charged, HEALTHTEK, INC., was reorganized into defendant HEALTHTEK, a non-profit Washington corporation which assumed all of the liabilities and obligations of HEALTHTEK, INC.

   b. At all times relevant, Jaclynn Harry has admitted that she caused HEALTHTEK, INC., and its employees in the billing department to engage in a scheme and artifice to defraud Medicare and Medicaid of money by submitting fraudulent billings to various health care benefit plans acting in and affecting commerce, including Medicare, Medicaid of Washington, and Medicaid of Oregon. All of the criminal conduct described below was done by

HEALTHTEK/PLEA AGREEMENT - 3
1999R01859

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

billing department employees of HEALTHTEK, INC., acting within the scope of their employment with the intention of benefitting HEALTHTEK, INC.

      c.    Ms. Harry instructed employees working for her to engage in "creative billing" in order to obtain money from Medicare and Medicaid. Approximately $400,000 was wrongfully and fraudulently obtained from Medicare and Medicaid of Washington as a result of the below-described scheme which various billing department employees undertook on behalf of HEALTHTEK, INC., for the purpose of benefitting the corporation.

      d.    Billing for goods that were not ordered or provided. HEALTHTEK, INC., and its billing department employees often charged Medicaid for twice the number of surgical gloves or product actually delivered or billed for surgical gloves, ostomy supplies, catheters, or diapers that were never delivered. If a remittance advice for a product showed a reduction from the price billed, employees of HEALTHTEK, INC., would sometimes bill unordered, undelivered items such as gloves, ostomy supplies, or diapers. They would sometimes deliver and bill for a nutritional administration kit even if none was ordered or needed. On other occasions, the employees of HEALTHTEK, INC., would make partial shipment of a quantity of durable medical supplies and bill for the full order. When the shipment for the order was later completed, the employees would cause the full order to be billed a second time. If Medicare or Medicaid reimbursed HEALTHTEK, INC., for less than the face amount billed, Harry and other billing department employees would direct that undelivered products be billed in order to make up the difference.

      e.    HEALTHTEK, INC., and its employees would bill for more expensive durable medical products than those actually delivered to a particular beneficiary.

      f.    HEALTHTEK, INC., and its employees were well aware that the government health programs would only pay for a product if a physician had, prior to delivery of the product, issued a prescription. HEALTHTEK, INC., and its billing department employees would engage in certain "creative billing" in which they would forge prescriptions, often in the names of physicians who had never seen the patients in order to obtain health care benefit payments from government health care benefit programs.

HEALTHTEK/PLEA AGREEMENT - 4
1999R01859

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1    g.    Government agencies also required that a physician issue a certificate of medical necessity ("CMN") which was, for a time, required to be submitted with a billing. CMN's were required for products such as oxygen, electric beds, patient lifts, wheelchairs, and trapeze bars. The Government's evidence would show that HEALTHTEK, INC., and its billing department employees often forged CMN's by photocopying, cutting and pasting physicians' signatures from unrelated certificates of medical necessity. In other instances, where actual submission of the CMN document itself was not required, defendant and its employees misrepresented to health care benefit plans that HEALTHTEK, INC., possessed a certificate of medical necessity for a particular billed item.

h.    HEALTHTEK, INC., and its billing department employees would also falsify the date of invoices by cutting, pasting and photocopying a forged invoice if the original invoice would be rejected because of the date. This was principally utilized for Medicaid claims.

i.    HEALTHTEK, INC., and its employees in the Western District of Washington routinely used the United States Mails to submit fraudulent claims to health care benefit plans, and reimbursement checks for fraudulent claims were routinely received in the District through the mails. The victim health care benefit programs, including Medicare and the Medicaid programs in Washington and Oregon all act in and affect commerce by paying health care benefits across state lines.

10.    Elements of the Offense.

The defendant is charged in the Information with mail fraud in violation of Sections 1341 and 2 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government would prove each of the following elements beyond a reasonable doubt:

a.    First, during the period charged, Jaclynn Harry caused the defendant's predecessor in interest, HEALTHTEK, INC., to utilize a scheme or plan to obtain money or property by making false promises or statements knowing that the promises or

HEALTHTEK/PLEA AGREEMENT - 5
1999R01859

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

statements were false, well knowing that the promises or statements were of a kind that would reasonably influence a person to part with money or property.

      b. Second, billing department employees of the defendant's predecessor in interest, HEALTHTEK, INC., knew that the promises or statements were false.

      c.. Third, the false promises were material in that they would reasonably influence the victim health care benefit programs to part with money.

      d. Fourth, billing department employees of the defendant's predecessor in interest acted with the intent to defraud.

      e. Fifth, billing department employees of the defendant's predecessor in interest used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

11. <u>Voluntariness of Plea.</u>   The defendant acknowledges that it has entered this plea agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this plea agreement, were made to induce the defendant to enter this plea of guilty.

12. <u>Declination of Prosecution.</u>   The United States Attorney's Office agrees that it will not file additional criminal charges against the defendant, HEALTHTEK, a non-profit Washington corporation, its predecessor, HEALTHTEK, INC., a Washington for profit corporation for durable medical equipment frauds committed in the name of HEALTHTEK or HEALTHTEK, INC., during the period from the early 1990's through October of 1999.  Further, the United States Attorney's Office is not presently aware of other criminal violations committed by HEALTHTEK or HEALTHTEK, INC., during this period.  This agreement does not in any way affect, limit, or impair the rights of the United States or the State of Washington to pursue civil or administrative remedies against the corporate defendant, its predecessors, or their officers, employees, or shareholders.

13. <u>Breach and Waiver.</u>   The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant and its predecessor may be prosecuted and sentenced for all of the offenses they may have committed.  The defendant agrees that if the defendant breaches this plea agreement, the United States Attorney reserves the right to take

HEALTHTEK/PLEA AGREEMENT - 6
1999R01859

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  whatever steps are necessary to nullify the plea agreement, including the filing of a motion to
2  withdraw from the plea agreement and/or to set aside the conviction and sentence. The
3  defendant further agrees that if it is in breach of this agreement, the defendant is deemed to have
4  also waived objection to the filing of any additional charges against it.

5      14.    <u>Execution</u>.    The execution of this agreement has been authorized by the Board of
6  Directors of the defendant, and a copy of such resolution will be filed herewith. The defendant
7  and the Government each represents and warrants that it has the full right, power, and authority
8  to execute and deliver this agreement and that no approval or authorization by any other person
9  or entity is required for the agreement to be binding on each party.

10     15.    <u>Completeness of Agreement</u>.    The Government and the defendant
11 acknowledge that these terms constitute the entire plea agreement between the parties.

12 DATED this ___20th___ day of October, 2000.

HEALTHTEK

By JOHN ROBERTI

DAN DUBITZKY
Attorney for Defendant

BRUCE D. CARTER
Assistant United States Attorney

R. TIMOTHY CRANDELL
Special Assistant United States Attorney

HEALTHTEK/PLEA AGREEMENT - 7
1999R01859

car

United States District Court
for the
Western District of Washington
October 20, 2000


\* \* MAILING CERTIFICATE OF CLERK \* \*


Re:  3:00-cr-05641


True and correct copies of the attached were mailed by the clerk to the following:

    Bruce Dennis Carter, Esq.
    U S ATTORNEY'S OFFICE
    STE 5100
    601 UNION ST
    SEATTLE, WA  98101-3903
    FAX 553-2502

    David B. Bukey, Esq.
    BUKEY & BENTLEY
    STE 2220
    1111 THIRD AVE
    SEATTLE, WA  98101-3207
    206-343-9391

    Dan Rodger Dubitzky, Esq.
    DUBITZKY & ZARKY
    803 WATERFRONT PLACE ONE
    1011 WESTERN AVE
    SEATTLE, WA  98104
    FAX 467-8170

    USPO - Tacoma
    US PROBATION OFFICE
    ROOM 1310
    1717 PACIFIC AVE
    TACOMA, WA  98402-3231
    FAX 1-253-593-6378